**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT ALAN CANCEMI; JERRY
PENDLEY,

        Plaintiffs-Appellees,

v.

ALAN MCCORMACK, individually
and in his official capacity,

        Defendant-Appellant,

and

CUSTER COUNTY, sued as Custer
County Board of County
Commissioners; MIKE BURGESS,
individually and in his former official
capacity as the Sheriff of Custer
County,

        Defendants.
_____

ROBERT ALAN CANCEMI; JERRY
PENDLEY,

        Plaintiffs-Appellees,

v.

MIKE BURGESS, individually and in
his former official capacity as the
Sheriff of Custer County,

        Defendant-Appellant,

No. 09-6191
(D.C. No. 5:08-CV-00683-R)
(W.D. Okla.)

No. 09-6192
(D.C. No. 5:08-CV-00683-R)
(W.D. Okla.)

and

ALAN MCCORMACK, individually
and in his official capacity; CUSTER
COUNTY, sued as Custer County
Board of County Commissioners,

      Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge**, BALDOCK**, and **TACHA**, Circuit Judges.

---

In these consolidated appeals, Defendants-Appellants Mike Burgess and

Alan McCormack challenge the district court's order denying their motions for

summary judgment on the basis of qualified immunity. Because we lack

jurisdiction, we dismiss these appeals.

## BACKGROUND

At the times relevant to these appeals, Burgess was the sheriff of Custer

County, Oklahoma, and McCormack was a deputy sheriff. On March 3, 2007,

McCormack was in the City of Thomas police station interviewing a woman who

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

had reported domestic abuse. Plaintiff-Appellee Jerry Pendley, a City of Thomas police officer, was present during at least part of the interview. At some point, McCormack and Pendley had a disagreement, prompting McCormack to arrest Pendley and charge him with obstructing a law-enforcement officer, interfering with the performance of an executive official's duty, and conspiracy. Soon thereafter, Plaintiff-Appellee Robert Alan Cancemi, the City of Thomas police chief, arrived at the station and confronted McCormack in the station's parking lot. After a short discussion, McCormack arrested Cancemi and charged him with the same offenses leveled against Pendley. Cancemi and Pendley were booked into the county jail, where they remained for several hours until they posted bond.

Two days later, Cancemi met with Burgess and the Custer County district attorney in Burgess's office. Cancemi attempted to record the meeting, but he was not permitted. After some discussion, the meeting terminated.

Ultimately, Cancemi and Pendley were not prosecuted. But they sued Custer County, Burgess and McCormack under 42 U.S.C. § 1983 for false arrest and imprisonment. Their claims included the initial arrests and imprisonment, as well as Cancemi's assertion that he was falsely imprisoned during the meeting in Burgess's office. On Burgess's and McCormack's motions for summary judgment, the district court declined to grant qualified immunity because there were significant factual disputes between the parties. Indeed, the district court observed that "each law enforcement officer's version of the relevant facts herein

differs from every other law enforcement officer's version." Aplts.' App., Vol. 7 at 1278. This appeal followed.

## DISCUSSION

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But our jurisdiction is limited to "whether or not certain given facts showed a violation of 'clearly established' law." *Johnson v. Jones*, 515 U.S. 304, 311 (1995). Thus, "we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Zia Trust Co. ex rel. Causey v. Montoya*, 597 F.3d 1150, 1152 (10th Cir. 2010) (quotation omitted). And where, as here, a district court determines that fact issues remain for trial but it does not make explicit factual findings, "we must review the record to extract the facts the district court likely relied on in reaching its conclusion." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quotation omitted).

Both Burgess and McCormack state that they are entitled to qualified immunity under Cancemi's and Pendley's versions of the facts. But Burgess and McCormack fail to mention those facts in their briefs. Instead, they recount the incidents that gave rise to this litigation using their own versions of the facts. For

instance, McCormack asserts that Pendley interfered with his interview of the domestic abuse complainant by attempting to grab her partially-completed written statement and by ordering her to stop cooperating with the deputies. But Pendley's evidence indicates that he simply asked her to remain in the station until Cancemi arrived, and that when McCormack told him to leave, he (Pendley) complied, but was arrested anyway. And despite McCormack's testimony that Cancemi confronted him belligerently in the parking lot, there is evidence that McCormack escalated the confrontation and had decided to arrest Cancemi even before he arrived. As for the meeting in Burgess's office, Cancemi indicates that he was not allowed to leave until he relinquished his tape recorder and Burgess had completed erasing its contents. Finally, while Burgess states that his only personal involvement in this case was during the meeting with Cancemi and the district attorney, there is evidence showing he knew that Pendley and Cancemi were being arrested, yet he declined to intervene.

By ignoring Pendley's and Cancemi's versions of events, Burgess and McCormack are essentially challenging the district court's determination that the record presents sufficient conflicting evidence to necessitate a jury's involvement. *See Lowery v. County of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008). We lack jurisdiction to review that determination. *See Zia Trust Co.*, 597 F.3d at 1152.

-5-

## CONCLUSION

We dismiss these appeals for lack of jurisdiction.

Entered for the Court


Deanell R. Tacha
Circuit Judge